IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. SHELLEY,

                Petitioner,                                  ORDER

      v.                                                  08-cv-0076-bbc

MICHAEL A. WILLIAMS and DIVISION
OF COMMUNITY CORRECTIONS,

                Respondents.

---

      Thomas W. Shelley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I have granted him leave to proceed *in forma pauperis* in a separate order.

      According to the petition, petitioner was convicted in June 2005 in the Circuit Court for Marathon County for battery and fleeing an officer. The circuit court sentenced him to a term of three years' confinement followed by four years' extended supervision. It appears that petitioner is currently in custody in the Marathon County Jail as a result of the revocation of his extended supervision. Petitioner does not challenge his underlying conviction or the revocation of his supervision. Instead, he contends that the Department of Corrections acted unlawfully when, at the conclusion of his term of confinement, it placed him in a halfway house and imposed electronic monitoring instead of releasing him

1

unconditionally.  Petitioner equates his conditional release with being incarcerated beyond his release date, which he asserts violated his rights under the Eighth and Fourteenth Amendments.  As relief, he seeks an award of sentence credit for the 97 days that he was on extended supervision.

Petitioner's claim turns on the mistaken premise that the department lacked authority to impose conditions on his extended release.  To the contrary, § 302.113(7) of the Wisconsin Statutes explicitly allows the department to "set conditions of extended supervision . . . if the conditions set by the department do not conflict with the court's conditions."  Petitioner has not identified any condition ordered by the circuit court that conflicts with the conditions imposed by the department.  To the extent that the circuit court might not have imposed *any* conditions, then there was nothing with which the department's conditions could have conflicted.  Petitioner was not held unlawfully beyond his release date.

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

ORDER

IT IS ORDERED that the petition of Thomas Shelley for a writ of habeas corpus is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 4th day of March, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge